Curia, per Woodworth, J.
The first question that arises is, whether Christian was the slave of Brooks at the time of manumission. He certainly was, unless the stipulation made by Denniston, to manumit in six years and an half, changed that relation. The agreement was conditional. If the terms had been performed, the slave might have enforced a compliance. Until performance, the rights of *220 the parties remained precisely as they were before the con- ‘ , J , ditional agreement was made. The slave never has performed; and consequently the arrangement became inop©native. I admit that the defendant’s title was subject to this condition. It would have been conclusive against him, equally as against Denniston, on performance; but that never took place. Besides, the act of manumission in consideration of $50, paid by the slave, was of itself *an abandonment of the conditional agreement. His freedom was not in consequence of having performed the condition, but of a pecuniary consideration. The case of Kittletas v. Fleet, (7 John. 324,) is in point. There the written promise to;manumit was considered a conditional manumission only; and that the slave might avail himself of it if the condition was fulfilled; otherwise, not.
The liability of the defendant arises, on the 7th section of the act relative to slaves and servants, (sess. 40, ch. 137, March 31, 1817.) This section declares that the person manumitting a slave shall be liable for his maintenance, in case he becomes a charge to any city or town; and that the overseers of the poor may, from time to time, recover the amount of the money expended for maintenance, from the person by whom the slave was manumitted, by action on the case for money expended for his use.
It is contended by the defendant, that there must be a previous adjudication, before the master is liable. The statute does not prescribe the form of proceeding. It seems to me, the right of the plaintiffs is made out, if the person manumitted was a slave, unable to support himself at the time of manumission, had become a charge on the town, and the expenditures were reasonable. The remedy given is not derived from the poor laws; but depends on this statute. An adjudication of settlement would be useless ; the settlement of a slave would follow that of the master - but it is immaterial in this case, where the settlement of the former master was. The claim does not rest on this ground; but on the statute which gives the action in case the slave becomes a charge. It is not like the cases under the act for the relief of the poor, where one town *221 prefers a claim against another town, under the 16th section of that act, or where the claim is by a town against the county, under the 25 th section. (7 John. 89. 4 Cowen, 137.) There an adjudication as to settlement is necessary before any liability is incurred. It is in consequence of the settlement, or because no settlement has been gained, that the claim in such cases is founded. An adjudication, there-' fore, becomes a pre-requisite. If there *had been no other act on the subject, than the act for the settlement and relief of the poor, would the plaintiffs, under that act, have any remedy against the defendant? I apprehend not. The 33d section declares, that it shall be lawful to remove any slave, who shall have left his master; or shall have wandered from town to town, to the place of settlement of his master. This does not apply; because Christian, at the time he became a charge, was not a slave, but a freeman. His master’s settlement, therefore, was not his. Even if he had been a slave, all that this section authorizes is, to remove him to his master’s place of settlement. I do not perceive, therefore, that the question of settlement is at all bi’ought into view upon the case presented, as founded on the act of 1817. Suppose the slave in this case had, after his manumission, gained a settlement in another town, then, undoubtedly, the town of Bethlehem might have removed him, under the poor act, if they had elected so to do ; but they were not bound to pursue that remedy. They might elect to call upon the master for the necessary maintenance under the 7th section. What is required by that section ? If the slave is not of sufficient ability to provide for his support at the time of manumission, the master shall be liable in case the slave becomes a charge to any city or town. Whether he was of sufficient ability to support himself, and whether he became a charge, are questions to be tried in the action against the master. Any formal adjudication by two justices, that Christian had become a charge, and that the defendant was bound to pay, could not affect him. He was not amenable to such a jurisdiction, and would be at liberty to disregard it. The act does not prescribe, nor does it con *222 template such a course, as necessary to render the defendant liable. So far as to justify the overseers in relation to the duty they owed the town, it was proper that they be authorized to make advances ; and therefore the proceedings' in this case were similar, in that respect, to those where a pauper under the poor act applies for relief. On ‘the 28th June, 1823, Christian was examined before two jusitces. He declared he was unable to support *himself. Subsequent to this, at different times, the justices directed the overseers to pay certain accounts for maintenance, and they were paid accordingly. This was necessary to be done; otherwise the overseers could not claim an allowance for the sums advanced in adjusting their accounts. If the examination of the circumstances from which to determine whether the applicant is a charge and entitled to relief, is termed an adjudication, its operation is only to legalize the acts of the overseers, as between them and the town. It seems that all necessary previous steps were taken before relief was afforded.
ft may be further observed, that itnder the 7th section, if the slave who has been liberated, being unable to support himself at the time, should afterwards become a charge, it would be the duty of the overseers of the poor of any town where he should happen to be, to relieve him. For this, they might, and ought to- call on the former master. In case of his inability to answer, I apprehend the town affording relief would not be remediless. If the person manumitted had gained a settlement, he might be removed to it. If he had derived no settlement, the .case would fall within the 25th section of the poor act. Then, indeed, an adjudication as to settlement, would be requisite, in order to constitute a county charge.
On the whole, I am of opinion that Christian was the defendant’s slave until the manumission: that he was unable to Support himself, and became a charge to the town of Bethlehem; that no adjudication of settlement was necessary, and that the defendant is liable for the money advanced.
*223 A new trial must be granted, with costs to abide the - ' event.
New trial granted.